IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| CHOSTEN CARIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| CHUYS OPCO, INC., | ) ) ) |
| Defendant. | ) ) |

## **COMPLAINT**

COMES NOW the Plaintiff, CHOSTEN CARIS, ("PLAINTIFF"), and files this Complaint against Defendant, CHUYS OPCO, INC . ("DEFENDANT") respectfully stating unto the Court the following:

## **GENERAL ALLEGATIONS**

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of 42 U.S.C. § 1981 and the Family and Medical Leave Act ("FMLA.

2. At all material times, PLAINTIFF was a citizen and resident of Alachua County, Florida. PLAINTIFF is a black United States citizen who was born in Haiti.

3. At all material times, DEFENDANT was a Delaware corporation that operated a restaurant in Alachua County, Florida, which is where PLAINTIFF worked at all material times.

**BACKGROUND**

4. In or around June 2012, DEFENDANT hired PLAINTIFF to work as a line cook and he remained in that capacity until he was terminated on or about March 19, 2020.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331.

7. At all relevant times, PLAINTIFF was qualified to work as a line cook for DEFENDANT.

8. In or around March 2019, PLAINTIFF took FMLA leave to recover from two broken ribs.

9. PLAINTIFF attempted to return to work on or about May 4, 2019, but his hours were cut from 35 to 40 per week to approximately 15 hours per week.

10. Upon information and belief, PLAINTIFF'S job was not held open so that it could be filled by Latinos.  When PLAINTIFF was terminated in or around May 2020, other black workers were terminated at the same time, while Latino workers were allowed to keep their jobs.

11. All conditions precedent to this action have occurred or been waived.

**COUNT I**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

12. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

13. DEFENDANT employs and at the time of PLAINTIFF'S termination, employed within a 75 miles radius, 50 or more employees for each working day, during each of 20 or more workweeks in 2018 and the year prior.

14. In or around March 2019, PLAINTIFF advised DEFENDANT that he suffered from a serious health condition, namely two broken ribs, a situation that required treatment for which he was required to be out of work for more than three consecutive days and which required follow-up treatment.

15. DEFENDANT retaliated against PLAINTIFF for taking FMLA leave by cutting his hours in half when PLAINTIFF attempted to return to work.

16. DEFENDANT interfered with PLAINTIFF'S right to take unpaid leave from work under the Family and Medical Leave Act and/or retaliated against him for doing so.

17. PLAINTIFF had a "serious health condition," namely an injury, impairment or physical or mental condition that involved continuing treatment by a health care provider.

18. PLAINTIFF gave appropriate notice of his need to be absent from work by notifying DEFENDANT as soon as practicable after he learned of the need for leave.

19. DEFENDANT retaliated against or otherwise interfered with the exercise of PLAINTIFF'S right to unpaid leave, *inter alia*, by: 1) terminating his employment; and 2) refusing to allow PLAINTIFF to return to his job, or to an equivalent position, upon return from leave.

20. Upon information and belief, DEFENDANT deliberately chose to avoid researching whether its conduct violated the FMLA or affirmatively evaded the law.

21. DEFENDANT'S violation of the FMLA was willful.

22. As the actual, proximate, and legal result of that violation, PLAINTIFF suffered significant economic harm, including lost wages and benefits.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other

economic relief, injunctive relief in the form of reinstatement to his former position, liquidated damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FMLA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1981

23. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

24. At all relevant times, PLAINTIFF was a qualified black worker.

25. Upon information and belief, the reason for PLAINTIFF'S termination was his race, or at the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, punitive damages, injunctive relief in the form of reinstatement to his former position, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Section 1981; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated:  April 29, 2021

                        Respectfully submitted,

                        **THE LAW OFFICE OF MATTHEW BIRK**

                        **/s/ Matthew W. Birk**
                        **Matthew W. Birk**
                        Florida Bar No.:  92265
                        309 NE 1st Street
                        Gainesville, FL  32601
                        (352) 244-2069
                        (352) 372-3464 FAX
                        mbirk@gainesvilleemploymentlaw.com
                        ATTORNEYS FOR PLAINTIFF